[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

No. 18-10658
Non-Argument Calendar
————————————————

D.C. Docket No. 5:17-cv-00228-RH-GRJ

CARL TAYLOR, JR.,

Plaintiff-Appellant,

versus

STATE OF FLORIDA HIGHWAY SAFETY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
————————————————

(June 1, 2020)

Before GRANT, LUCK and BLACK, Circuit Judges.

PER CURIAM:

Carl Taylor appeals the district court's dismissal of his suit filed pursuant to 42 U.S.C. § 1983.  Taylor asserts the district court erred in dismissing his suit for failure to state a claim where he alleged he had not received notice when the State of Florida suspended his driver's license.   After review,[1] we affirm the district court.

"Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017).  The Federal Rules of Civil Procedure require that a complaint be dismissed if it fails to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference the defendant is liable for the conduct alleged.  *Id.*  A complaint is insufficient if it offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action.  *Id.*

---

[1] "We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true." *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017).

First, to the extent Taylor sought to bring a § 1983 claim for damages against the State of Florida Department of Highway Safety, such a claim is barred by the Eleventh Amendment. *See* U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1302 (11th Cir. 2005) ("The Eleventh Amendment to the Constitution bars federal courts from entertaining suits against states."). The Department of Highway Safety is a department of the State, has not consented to be sued, and Congress has not abrogated its Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding a suit against a department of a state "is no different from a suit against the State itself"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990) (stating Congress has not abrogated Eleventh Amendment immunity in § 1983 cases).

Second, to the extent Taylor attempts to bring § 1983 claims against the two individuals named in his second amended complaint in their individual capacities,

3

he does not explain what those claims are either in his complaint or on appeal. Rather, he merely provides the names of two individuals employed by the State of Florida, and, in a conclusory fashion, asserts he is entitled to money damages for the suspension of his license.  He brings no claims against them specifically, nor does he allege that any of their employment-related acts deprived him of a federal right.  *See Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) (explaining "[u]nder the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court," but the Eleventh Amendment does not protect state officials sued in their individual capacities for employment-related acts).  These conclusory allegations are insufficient to support a claim under § 1983, as they do not demonstrate the two individuals deprived Taylor of a federal right while operating under color of law.  *See Iqbal*, 556 U.S. at 678; *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law.").

Finally, to the extent Taylor is attempting to use the federal courts to challenge the state court's decision to suspend his driver's license, this Court is barred from considering his claim under the *Rooker-Feldman* doctrine.  *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013) (stating under the *Rooker-Feldman* doctrine, federal district courts and courts of

4

appeals lack jurisdiction to review the final judgment of a state court).  As a loser in state court, Taylor cannot now seek to overturn Florida's 2005 judgment against him in this Court.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (delineating the boundaries of *Rooker-Feldman* and clarifying that the doctrine is narrow in scope, and only applies to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  We affirm.

**AFFIRMED.**